UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Eleven 10 LLC | ) | Case No. 1:21-cv-2207 |
| | ) | |
| Plaintiff, | ) | Judge Donald C. Nugent |
| | ) | |
| vs. | ) | |
| | ) | **Jury Trial Demanded** |
| Innovationly SK d.o.o., | ) | |
| dba Aid & Aim Tactical, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Innovationly SK d.o.o. (hereinafter "Defendant"), by and through its undersigned attorney, hereby answers the Complaint of Plaintiff, Eleven 10 LLC ("Plaintiff"), as follows:

### Summary of the Case

1. Defendant denies the allegations of paragraph 1.

2. Defendant lacks knowledge or information sufficient to form a belief as to the matters asserted in paragraph 2.

3. Defendant denies the allegations of paragraph 3.

4. Defendant denies the allegations of paragraph 4.

### The Parties

5. Defendant lacks knowledge or information sufficient to form a belief as to the matters asserted in paragraph 5.

6. Defendant admits that it is a Slovenian company. Defendant otherwise denies the allegations of paragraph 6.

## Jurisdiction and Venue

7. Defendant denies that Plaintiff has any valid claims against it, but does not contest subject matter jurisdiction.

8. Defendant denies that Plaintiff has any valid claims against it, but does not contest supplemental subject matter jurisdiction.

9. Defendant denies the allegations of paragraph 9, but does not contest personal jurisdiction for the limited purpose of adjudicating the claims in this case.

10. Defendant denies the allegations of paragraph 10, but does not contest venue for the limited purpose of adjudicating the claims in this case.

## Alleged Facts

11. Defendant lacks knowledge or information sufficient to form a belief as to the matters asserted in paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. Defendant denies that any of the listed "features" comprise or are part of any trade dress, denies that Defendant has any protectable trade dress with respect to the tourniquet case at issue, and denies all other allegations of paragraph 13.

14. Defendant denies that any "Eleven 10 Trade Dress" exists with respect to the tourniquet case at issue. Defendant lacks knowledge or information sufficient to form a belief as to the balance of the allegations of paragraph 14.

15. Defendant denies that any "Eleven 10 Trade Dress" exists with respect to the tourniquet case at issue. Defendant lacks knowledge or information sufficient to form a belief as to the balance of the allegations of paragraph 15.

16. Defendant denies that any "Eleven 10 Trade Dress" exists and denies all other allegations of paragraph 16.

17. Defendant denies that any "Eleven 10 Trade Dress" exists and denies all other allegations of paragraph 17.

18. Defendant denies that any "Eleven 10 Trade Dress" exists and denies all other allegations of paragraph 18.

19. Defendant lacks knowledge or information sufficient to form a belief as to the matters asserted in paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief as to the matters asserted in paragraph 20.

21. Defendant lacks knowledge or information sufficient to form a belief as to the matters asserted with respect to "enhancing the reputation of the Eleven 10 brand" in paragraph 21. Defendant denies that any "Eleven 10 Trade Dress" exists and otherwise denies the balance of the allegations of paragraph 21.

22. Defendant denies that any "Eleven 10 Trade Dress" exists and denies all other allegations of paragraph 22.

### AAT Denies Any Wrongdoing

23. Defendant denies that any "Eleven 10 Trade Dress" exists and denies all other allegations of paragraph 23.

24. Defendant denies that any "Eleven 10 Trade Dress" exists and denies all other allegations of paragraph 24.

25. Defendant denies that any "Eleven 10 Trade Dress" exists and denies all other allegations of paragraph 25.

**Denial of Count One**

26. Defendant repeats and realleges its responses to all preceding allegations of Plaintiff's Complaint as if fully set forth herein.

27. Defendant denies that any "Eleven 10 Trade Dress" exists and denies all other allegations of paragraph 27.

28. Defendant denies that any "Eleven 10 Trade Dress" exists and denies all other allegations of paragraph 28.

29. Defendant denies that any "Eleven 10 Trade Dress" exists and denies all other allegations of paragraph 29.

30. Defendant denies that any "Eleven 10 Trade Dress" exists, denies that it copied any trade dress and denies all other allegations of paragraph 30.

31. Defendant denies that any "Eleven 10 Trade Dress" exists and denies all other allegations of paragraph 31.

32. Defendant denies that it is promoting any counterfeit goods, denies that there is any "Eleven 10 Trade Dress" and denies all other allegations of paragraph 32.

33. To the extent paragraph 33 implies Defendant's tourniquet cases are inferior to Plaintiff's, Defendant denies that allegation along with all other allegations of paragraph 33.

34. Defendant denies the allegations of paragraph 34.

35. Defendant denies infringing any trade dress rights and denies all other allegations of paragraph 35.

36. Defendant denies infringing any trade dress rights and denies all other allegations of paragraph 36.

### Denial of Count Two

37. Defendant repeats and realleges its responses to all preceding allegations of Plaintiff's Complaint as if fully set forth herein.

38. Defendant denies the allegations of paragraph 38.

39. Defendant denies engaging in any willful and unlawful activities and denies all other allegations of paragraph 39.

40. Defendant denies engaging in unfair competition and denies all other allegations of paragraph 40.

### Denial of Count Three

41. Defendant repeats and realleges its responses to all preceding allegations of Plaintiff's Complaint as if fully set forth herein.

42. Defendant denies engaging in any unlawful activities and denies all other allegations of paragraph 42.

43. Defendant denies violating Ohio's Deceptive Trade Practices Act and denies all other allegations of paragraph 43.

### Denial of Count Four

44. Defendant repeats and realleges its responses to all preceding allegations of Plaintiff's Complaint as if fully set forth herein.

45. Defendant denies engaging in any willful and unlawful activities and denies all other allegations of paragraph 45.

46. Defendant denies engaging in unfair competition and denies all other allegations of paragraph 46.

## AFFIRMATIVE DEFENSES

Plaintiff hereby asserts the following affirmative defenses without assuming the burden of proof on issues for which the burden would not ordinarily be upon the responding party:

### 1st Affirmative Defense
### (Failure to State a Claim)

The allegations of the counterclaims fail to state a valid claim for relief and Defendant is entitled to judgment on those claims as a matter of law.

### 2nd Affirmative Defense
### (Non-distinctiveness/lack of secondary meaning)

The claimed trade dress is not distinctive and lacks secondary meaning. Among other things, the elements of the alleged trade dress are generic whether alone or in combination, are not source identifying, and are present in numerous other similar products that have been on the market for years.

### 3rd Affirmative Defense
### (Functionality)

The elements of the claimed trade dress are functional and therefore are incapable of comprising any protectable trade dress.  Among other things, the claimed elements are essential to the use and purpose of the case at issue, the claimed elements affect the quality and functional features of the case, and exclusive use of the claimed elements would put competitors at a

significant non-reputation-related disadvantage.

## 4th Affirmative Defense
### (Laches)

The Complaint and the causes of action allegedly contained therein are barred, in whole or in part, by the doctrine of laches, in that Plaintiff has unreasonably delayed asserting its alleged claim and allowing Plaintiff to proceed with its claims notwithstanding such delay would cause prejudice to Defendant.

## 5th Affirmative Defense
### (Acquiescence)

Plaintiff, through its knowledge of the use of the alleged trade dress by third parties throughout the United States for several years and delay in seeking to claim alleged rights to the alleged trade dress, has acquiesced to Defendant's use of the alleged trade dress. Plaintiff's claims therefore fail.

## 6th Affirmative Defense
### (Estoppel)

Plaintiff, through among other actions its acquiescence to use of the alleged trade dress by several third parties throughout the United States for several years, failure to provide notice of any claim of rights to the alleged trade dress, and delay in seeking to claim alleged rights to the alleged trade dress, is estopped from now asserting such alleged rights. Defendant has relied on Plaintiff's conduct and would be materially prejudiced with respect to, *inter alia*, its investment in its products and goodwill if Plaintiff were permitted to enforce the alleged trade dress rights.

### 7th Affirmative Defense
### (Statute of Limitations)

The Complaint and the causes of action allegedly contained therein are barred, in whole or in part, by the applicable statute of limitations.

### 8th Affirmative Defense
### (Additional Defenses)

Defendant reserves the right to assert additional affirmative defenses in the event the availability of such defenses become apparent to Plaintiff during the course of this litigation.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendant respectfully requests that this Court enter judgment in its favor (1) dismissing Plaintiff's Claims with prejudice and denying all relief sought in the Complaint; (2) finding this to be an exceptional case and awarding attorneys' fees and costs to Defendant; and (3) awarding Defendant such further and additional relief as this Court deems just and proper.

Dated: February 21, 2022      The Law Office of
JASON B. LATTIMORE, ESQ. LLC

By  s/ Jason B. Lattimore

Jason B. Lattimore (NY3976479)
The Law Office of
JASON B. LATTIMORE, ESQ. LLC
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: (973) 998-7477
Facsimile:  (973) 264-1159
Jason@LattimoreLaw.com
*Attorney for Defendant*

8

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Defendant demands a trial by jury on all issues triable by jury.

Dated: February 21, 2022          The Law Office of
                                           JASON B. LATTIMORE, ESQ. LLC

                                           By  <u>s/ Jason B. Lattimore</u>

                                                 Jason B. Lattimore
                                                 Attorney for Defendant

**CERTIFICATE OF SERVICE**

I, Jason B. Lattimore, hereby certify pursuant to Rule 1:4-4 that:

1. I am a member in good standing of the bar of this Court, and am counsel for Defendant in the above-captioned matter.

2. On this date, I served a true and correct copy of the foregoing document on all counsel of record by filing the document electronically on the ECF filing system.

I certify under penalty of perjury that the foregoing statements are true and correct.

Executed this 21st day of February, 2022.

                                                          s/ Jason B. Lattimore