# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Eleven 10 LLC, | Case No. 1:21-cv-2207 |
| Plaintiff, | Judge Donald C. Nugent |
| vs. | |
| Innovationly SK d.o.o., dba Aid & Aim Tactical, | |
| Defendant. | |

## DECLARATION OF DAVOR TADIC IN OPPOSITION TO PLAINTIFF'S MOTION TO DE-DESIGNATE AND IN SUPPORT OF CROSS-MOTION FOR A PROTECTIVE ORDER

I, Davor Tadic, hereby certify pursuant to 28 U.S.C. § 1746 that:

1. I am the owner of Innovationly SK d.o.o. ("Innovationly"), the defendant in the above-captioned lawsuit.

2. I submit this Declaration in opposition to the plaintiff, Eleven 10's, motion to de-designate information under the Protective Order in this case from "attorney's-eyes-only" to "confidential" and in support of Innovationly's cross-motion for clarification and a protective order.

3. Innovationly is a Slovenian company that sells its products exclusively on Amazon.com ("Amazon") under the trademark AID & AIM TACTICAL. Innovationly began selling an injection-molded tourniquet case on Amazon late in 2019. At the time, there were many other sellers of similarly styled cases being sold on Amazon.com and other websites. The case I sourced to sell on Amazon was one I found being offered openly online for wholesale purchase.

4. After a few months of selling the original case, I decided to make improvements to the case. I had drawings made based on, but not copying, the case from the original supplier and I found a new supplier to develop a custom-made case. The case the new supplier produced was a better-quality product and performed better than the original case. It is also physically different than the original case. That supplier remains Innovationly's sole source of its tourniquet cases.

5. Since the time Innovationly moved to the new supplier, Innovationly's tourniquet case has been exclusively supplied to Innovationly. Innovationly's agreement with the supplier is that the molds are exclusively for Innovationly. To my knowledge, our supplier does not sell the product to anyone else and no one else on the market sells the same tourniquet case. I have no reason to believe Innovationly's supplier has breached our agreement.

6. The image below accurately shows the two tourniquet cases Innovationly sells.



7. Innovationly's product detail pages on Amazon identify the products as "Tourniquet Holder Pouch by Aid & Aim Tactical." Innovationly does not use any of Eleven 10's trademarks to market its products.

8. Innovationly strictly maintains the confidentiality of the identity of its supplier. Innovationly developed its custom case to provide customers with a better quality and better performing product. It required months of time and significant expense to accomplish that. If anything were to cause Innovationly to lose its supplier, it would result in significant financial and competitive harm to Innovationly. The company would not only lose sales from not having product, but would also have to incur the expense of finding a new supplier capable of producing and providing inventory of an identical product. That process would take at least several months, involve significant expense, and require the creation of new molds, quality testing, and the shipment of product to Amazon's warehouses before sales could resume.

9. The success (*i.e.*, sales) of a product on Amazon is typically tied to its product ranking. Ranking is established over time primarily through advertising and building sales volumes for a product, as well as positive customer reviews. When the ranking drops, it becomes less likely that a product will be seen by customers searching for that type of product which will cause the product not to sell or, at least, experience lower sales.

10. When a product becomes unavailable for a period of time, it negatively impacts the product ranking. An extended period of unavailability would result in significant lost sales of the product not only from the unavailability, but also from the loss in ranking. Being without the cases for a substantial time would lower ranking and make it harder or prevent a return to the original sales levels. That is another reason why it is critical to Innovationly to maintain its relationship with the supplier of its tourniquet cases.

11. Innovationly could not substitute a non-custom case from another source for its custom case in its Amazon listings because those Amazon listings (and associated product reviews) are specific to Innovationly's custom-designed case. Selling a different case under the

listings would violate Amazon's seller rules. The products also would not meet Innovationly's design standards and, even if they did, Innovationly would have to create new Amazon listings for the products, which would be the equivalent of starting its entire three-year tourniquet case business over from scratch.

12. Innovationly is a very small business. Innovationly's sales of its tourniquet cases, by far its highest-selling product, are not large, and its supplier's revenue from wholesale purchases by Innovationly is even smaller. Innovationly disclosed the identity of its supplier in discovery relying on the requirement in the Protective Order that the information would not be disclosed to Eleven 10 and Eleven 10's attorneys could not use that information for any other purpose but this action, which does not involve the supplier. Now Eleven 10 is asking for access to the identity of the supplier and to use it for enforcement against the supplier. If Eleven 10 takes action against the supplier, it could intimidate the supplier into ending its relationship with Innovationly. Innovationly respectfully requests that the court not allow that to happen.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of September, 2022.

_____
Davor Tadic